995 F.2d 1062
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James MADISON COMPTON, Plaintiff-Appellant,
v.
Grady A. WALLACE, Commissioner, South Carolina Department of
Probation, Parole, and Pardon Services; Travis Medlock,
Attorney General for the State of South Carolina, in their
individual and official capacities, Defendants-Appellees.
 No. 92-6697.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1993
Decided: June 7, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. C. Weston Houck, District Judge. (CA-89-2101-3-2J)
 James Madison Compton, Appellant Pro Se.
 Carl Norman Lundberg, South Carolina Department of Probation, Parole & Pardon Service, Columbia, South Carolina, for Appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Madison Compton filed a 42 U.S.C. § 1983 (1988) complaint alleging that South Carolina's statutory change from annual to biennial parole reconsideration is an ex post facto violation for prisoners whose crimes were committed before the amendment. The district court dismissed the claim on summary judgment. Because we find there is a genuine issue of material fact, we vacate and remand.
 
 
 2
 Compton was convicted of armed robbery, burglary and assault with intent to kill in 1977. He was sentenced to life in prison, plus forty-five years. He asserts that under the laws in effect in 1977 he was eligible for parole reconsideration every year. In 1986, South Carolina amended its statute governing parole to make prisoners convicted of violent felonies eligible for parole reconsideration every two years. S.C. Code Ann. § 24-21-645 (Law. Co-op. 1976 & Supp. 1992). Compton filed a § 1983 action claiming that this amendment violated the Ex Post Facto Clause. The district court granted summary judgment to Defendants on the grounds that the statute was procedural in nature. Compton appealed.
 
 
 3
 We review a grant of summary judgment de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is properly granted where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The non-moving party must establish the existence of a genuine issue of material fact by presenting evidence on which a rational jury could reasonably find in his favor. Id. In considering a summary judgment motion, we must draw inferences from the underlying facts in a light most favorable to the non-moving party. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).
 
 
 4
 We recently held in Roller v. Cavanaugh, 984 F.2d 120, 124 (4th Cir. 1993), that the 1986 amendments to the 1981 statute violated the Ex Post Facto Clause because they increased the punishment for crimes committed prior to its enactment. However, to prevail under Roller (and the Ex Post Facto Clause), Compton must show that he suffered a burdensome change in the conditions of his preexisting eligibility for parole reconsideration. That is, he would have to show that parole redetermination hearings were held annually in 1977. If he can establish that fact, he can make the requisite showing because under the 1986 amendment, he is only entitled to reconsideration every two years. Compare Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (change to three years between parole redetermination is not ex post facto violation because parole redetermination hearings held every three years when petitioner committed offenses).
 
 
 5
 Compton asserted in his verified complaint that the laws in 1977 provided for annual parole review hearings. The state attempted to challenge this assertion with an affidavit by Grady Wallace, former Commissioner for South Carolina's Department of Probation, Parole, and Pardon Services. However, inexplicably, the affidavit states both that review was annual in 1977, and, in contradiction, that review in 1977 is the same as it is today-biennial. As a result, there is a material dispute as to whether the 1986 amendment increased Compton's punishment by increasing the time between his parole hearings. Consequently, summary judgment was inappropriate. See Fed. R. Civ. P. 56(c).
 
 
 6
 Therefore, we grant Compton's motion for summary reversal, vacate the district court's grant of summary judgment, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED